[165] EXECUTORS OF BARACLIFF v. ADMINISTRATORS OF GRISCOM.

1. After allowing judgment to go by default, administrators cannot plead *plene administravit;* it is a confession of assets.

2. As demurrers are taken away under the practice act, the proper mode of proceeding in case of a bad plea is by motion to set it aside.

In debt on a judgment against the defendants by default, *plene administravit* was pleaded to the action.

*Giles*, for plaintiffs, took a rule upon the defendants to show cause why the plea should not be set aside.

The State v. Pitney.

PER CUR. The practice act having taken away demurrers, the motion to set aside the plea is the proper mode of proceeding. (a)

Judgment by default is a confession of assets; want of assets can never be given in evidence; of course the plea is bad—the administrators are estopped by the judgment.

Rule absolute.

*Davenport* for defendants.

(a) In *Dunlap* v. *Kinney*, *April Term*, 1788, it was held by the court that, under the practice act, in order to try the goodness of a plea, the party is driven from a demurrer to a motion. It amounts, however, to the same thing; it is no longer a demurrer in form, but it is a demurrer *ore tenus*.